IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TOMMY TOMPKINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 19-cv-001112 |
| v. | ) |
| | ) |
| MIDAM VENTURES, LLC, a Florida | ) |
| Limited Liability Company, | ) JURY TRIAL DEMANDED |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |
| | ) |

## COMPLAINT

Plaintiff, Tommy Tompkins ("Mr. Tompkins") files this lawsuit for damages, and other legal and equitable remedies, resulting from the illegal actions of Midam Ventures, LLC ("Midam" or "Defendant"), in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") and the Alabama Telephone Solicitations Act §§ 8-19c-1-12 ("ATSA").

## NATURE OF THIS ACTION

1.      This Complaint addresses the unlawful telemarking campaigns perpetrated upon Plaintiff by Defendant through automated blast texts. Telemarketing through robocalls and texts, identified as a "scourge" by the U.S. government, is much more than a mere annoyance. The constant deluge of automated calls and texts reduces the productivity of nearly every adult American in having to take to the time to either answer or block the unwanted call or text. The robocalling epidemic has hit Alabama residents particularly hard. Recent data show that Alabama ranks third in the nation in the number of robocalls and texts received per resident.

2. Congress enacted the TCPA in 1991 to address the intrusion on person privacy posed by automated telephone calls and texts. Texts are considered "calls" for purposes of the TCPA. Congress recognized automated calls and texts as a nuisance, an invasion of privacy and threat to public safety and interstate commerce. Through the TCPA, Congress provided a means for consumers to seek redress for unlawful calling practices. The TCPA prohibits telemarketing texts to cell phones through the use of either an automated telephone dialing system. The TCPA also establishes a nationwide Do-Not-Call Registry ("DNCR") and prohibits telemarketing calls or texts to numbers placed on the registry. The texts made by Defendant to Plaintiff's cell phone, and the cell phone of thousands of others, violate the TCPA, including the rules regarding the DNCR.

3. The Alabama legislature enacted the ATSA in 1999 to address the intrusion on personal privacy posed by unsolicited telemarketing calls and/or texts. It recognized such calls as "intrusive and relentless invasion of the privacy and peacefulness of home." Ala Code § 8-19C-1(4) (1975). Texts are considered "calls" for purposes of the ATSA. The ATSA was passed to provide Alabama consumers the power to decide whether or not to receive telemarketing calls and texts and provides a means for consumers to seek redress for unlawful calling practices. The ATSA prohibits telemarketing calls (including text messages) to consumers who have placed their numbers on the national DNCR. The ATSA also prohibits the use of technology aimed at concealing the caller's identity, such as spoofing technology. The texts made by Defendant violate the ATSA.

**JURISDICTION AND VENUE**

4. Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1331 as Plaintiff has claims that arise under the laws of the United States. This Court has supplemental jurisdiction

over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367. That claim arises from a set of operative facts common to the federal claim.

5. Venue in this District is proper pursuant to 28 U.S.C. § 1391, because Midam transacts business in this District, and a material portion of the events at issue occurred in this District.

## PARTIES

6. Plaintiff is a resident of Mobile County, Alabama.

7. Defendant is a limited liability company formed in Florida, with its principal place of business in Florida.

## FACTUAL ALLEGATIONS

8. Defendant Midam Ventures, LLC ("Midam") markets and sells investment related services and information nationwide. Part of Defendant's business includes stockprice.com, which Defendant uses to disseminate positive information regarding its clients (publicly traded corporations) in order to encourage purchase of the its clients' stock. Midam benefits from the promotion of its website and from any increase in the number of visitors to its website. Part of Midam's marketing and business strategy includes sending blast text messages promoting its services, including stockprice.com, to a large number of consumers many of whom, like Plaintiff, never provided any prior express written consent for the texts.

9. Defendant placed numerous such text messages to Plaintiff's cellular telephone marketing its products and services. Plaintiff received at least 86 such texts from Defendant between July 2018 and August 2019.

10. None of the texts provided any opt out options or other instructions as to how to stop additional texts.

11. Defendant placed the text messages to Plaintiff and many others using an "automatic telephone dialing system" ("ATDS"), as defined by 47 U.S.C. § 227(a)(1) and prohibited by 47 U.S.C. § 227(b)(1)(A). Upon information and belief, the ATDS used by Defendant also has the capacity to, and does, send text messages to telephone numbers stored as a list or in a database with little or no human intervention.

12. At all times relevant herein, Plaintiff's cellular telephone number was listed on the DNCR. Plaintiff registered his cellular telephone number XXX-XXX-7871 with the DNCR for the express purpose of avoiding unwanted telemarketing calls and texts. Plaintiff's cell number was registered on the DNCR more than thirty-one (31) days prior to the texts.

13. Plaintiff uses his cell phone number as his main residential line.

14. Defendant's texts to Plaintiff violated the regulations promulgated under the TCPA regarding calls and text messages to consumers whose numbers are included in the DNCR. Plaintiff received one or more such text within a twelve (12) month period from Defendant, in violation of the Do Not Call Rule. See 47 CFR. § 64.1200(c)(2). Each such text also violated the ATSA. See Ala. Code § 8-19C-2.

15. Defendant's texts were not made for emergency purposes, as defined by 47 U.S.C. § 227(b)(1)(A)(i).

16. Upon information and belief, the ATDS used by Defendant has the capacity to store or produce telephone numbers to be called or texted, using a random or sequential number generator.

17. Defendant's text messages were placed to telephone numbers, including Plaintiff's, that were assigned to a cellular telephone service pursuant to 47 U.S.C. § 227(b)(1).

18. Defendant did not have prior express written consent to place the calls or send text messages to Plaintiff.

19. Defendant's texts were made for purposes of selling or marketing its goods or services and they constitute "telemarketing" within the meaning of the TCPA and "telephone solicitations" within the meaning of the TCPA and ATSA.

20. The text messages were initiated by Defendant and/or Defendant's agent(s), with Defendant's permission, knowledge, control and for Defendant's benefit.

22. Defendant's aforementioned conduct violated 47 U.S.C. § 227(b)(1)(A)(iii) 227(c)(3), 47 CFR § 64, 1200(c)(2) and Ala.§§ 8-19C-2(a) and 5(a).

21. Through Defendant's aforementioned conduct, Plaintiff suffered an invasion of a legally protected interest in privacy, which is specifically addressed and protected by the TCPA and the ATSA.

22. Plaintiff has suffered actual damages and injury-in-fact, including but not limited to loss of time in reading and answering the texts and tracing their origin, the loss of use of his phone for legitimate purposes, and his productivity. The texts have also invaded Plaintiff's privacy and statutory rights provided under and protected by the TCPA and the ATSA.

23. The harm suffered by the Plaintiff as a result of Defendant's TCPA and ATSA violations bears a close relationship with the types of harm for which the law has traditionally allowed redress under claims recognized in common law, such as invasion of privacy, nuisance, conversion, trespass to chattel and wantonness.

## COUNT ONE
## THE TELEPHONE CONSUMER PROTECTION ACT

24. Plaintiff incorporates the relevant foregoing allegations as if fully set forth herein.

25. Defendant has violated the TCPA by placing unauthorized non-emergency promotional text messages using an automatic telephone dialing system without obtaining prior express written consent of Plaintiff and the members of the Class in violation of 47 U.S.C. §227(b)(1)(A)(iii).

26. Each text was made in violation of provisions of the TCPA, including 47 U.S.C. § 227(b)(1)(A)(iii).

27. The unlawful telemarketing texts repeatedly invaded the personal privacy of Plaintiff, causing him to suffer damages and entitling him to relief provided under the TCPA, including 47 U.S.C. § 227(b)(3).

28. As a result of Defendant's negligent violations of 47 U.S.C. § 227, *et seq.*, Plaintiff is entitled to an award of $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B).

29. As a result of Defendant's knowing and/or willful violations of 43 U.S.C. § (b)(3), Plaintiff is entitled to increased damages of up to $1,500 per violation.

**WHEREFORE**, Plaintiff, Tommy Tompkins respectfully requests judgment be entered against Defendant for the following:

    a. Statutory damages in the amount of $500, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B);

    b. Statutory damages for each of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), in an amount not to exceed $1,500 pursuant to 47 U.S.C and 47 U.S.C. § 227(b)(3)(C);

  c. Injunctive relief prohibiting such conduct in the future; and

  d. Any other relief that this Honorable Court deems appropriate.

**COUNT TWO**
**VIOLATION OF THE TCPA'S DO NOT CALL RULE**

30. Plaintiff incorporates the relevant foregoing allegations as if fully set forth herein.

31. Plaintiff placed his number on the DNCR.

32. Defendant, directly or through its agent, placed texts to Plaintiff's phone number listed on the DNCR without having obtained their prior express written consent.

33. The texts were placed for the purpose of marketing, advertising and selling Defendant's product and services. The texts constitute "telemarketing" and "telephone solicitation" as those terms are defined in 47 C.F.R. § 64.1200(f)(12) and (14).

34. Each text was made in violation of provisions of the TCPA, including 47 U.S.C. § 227(c)(3), and the Do Not Call Rule promulgated pursuant to the TCPA, 47 C.F.R. § 64.1200(c)(2).

35. The unlawful texts repeatedly invaded the personal privacy of Plaintiff causing him to suffer damages and entitling him to relief provided under the TCPA, including 47 U.S.C. § 227(b)(3)(B) and (c)(5).

36. Each text was made in willful and knowing violation of the TCPA and the Do Not Call Rule.

37. As a result of Defendant's violations of 47 U.S.C. § 227, *et seq.*, Plaintiff is entitled to an award of actual damages or statutory damages of up to $500.00, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5)(B).

38. As a result of Defendant's knowing and willful violations of 47 U.S.C. § 227, *et seq.*, Plaintiff is also entitled to an award of enhanced damages of up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

**WHEREFORE**, Plaintiff, Tommy Tompkins, respectfully requests judgment be entered against Defendant for the following:

    a. Statutory damages in the amount of $500, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B);

    b. Statutory damages for each of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), in an amount not to exceed $1,500 pursuant to 47 U.S.C and 47 U.S.C. § 227(b)(3)(C).

    c. Injunctive relief prohibiting such conduct in the future; and

    d. Any other relief that this Honorable Court deems appropriate.

## COUNT THREE
## ALABAMA TELEPHONE SOLICITATIONS ACT

39. Plaintiff incorporates the relevant foregoing allegations as if fully set forth herein.

40. This count is stated under the Alabama Telephone Solicitations Act ("ATSA"), Ala. Code 8 19C 1 – 12.

41. By registering with the Do Not Call Registry as alleged above, Plaintiff has given notice of his objection to receiving telephone solicitations within the meaning of Ala. Code Section 8-19C-2(a).

42. Defendant violated the ATSA by making telephone solicitation texts to Plaintiff's telephone after notice of his objection to receiving such communications.

43. Defendant also violated the ATSA by not properly identifying itself in the initial message. This is a violation of Ala. Code Section 8-19C-5(a).

44. Plaintiff received multiple telephone solicitation texts within a 12-month period by or on behalf of the Defendant in violation of Ala. Code Section 8-19C-2(a).

45. Plaintiff has suffered actual damages as a result of Defendant's violations of the ATSA, as setout above.

**WHEREFORE**, Plaintiff, Tommy Tompkins, respectfully requests judgment be entered against Defendant for the following:

a. Statutory damages in an amount up to $2,000, for each and every violation, pursuant to Ala. Code Section 8-19C-7;

b. Injunctive relief prohibiting such conduct in the future; and

c. Any other relief that this Honorable Court deems appropriate.

**TRIAL BY JURY IS DEMANDED AS TO EVERY CLAIM ASSERTED HEREIN.**

Respectfully submitted this the 19th day of December, 2019.

KENNETH J. RIEMER (RIEMK8712)
UNDERWOOD & RIEMER, P.C.
2153 Airport Boulevard
Mobile, Alabama 36606
Phone: (251) 432-9212
Email: kriemer@alalaw.com
*Attorney for the Plaintiff*

**DEFENDANT IS TO BE SERVED BY CERTIFIED MAIL AT THE FOLLOWING ADDRESS:**

**Midam Ventures, LLC**
Adam Heimann, Registered Agent
1501 Venera Ave, Suite 225
Coral Gables, FL 33146